UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHEM-A-CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:04CV0015 AS |
| ) | |
| EARTH SCIENCE LABORATORIES, INC. ) | |
| ) | |
| Defendant. ) | |
| EARTH SCIENCE LABORATORIES, INC., ) | |
| ) | |
| Counterclaimant ) | |
| v. ) | |
| ) | |
| CHEM-A-CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |

**MEMORANDUM, ORDER & OPINION**

There is currently pending in this case a Motion for Summary Judgment as to Count IV of Earth Science Laboratories, Inc.'s Second Amended Counterclaim. Before that motion can be ruled on, there are several matters that require the attention of this Court. Those matters are: (1) a Rule 56(f) Motion filed by Earth Science Laboratories, Inc. ("ESL"); (2) a Motion to Withdraw Exhibit filed by ESL; and (3) several Rule 56 Motions to Strike filed by Chem-A-Co., Inc. ("CAC"). Each of these will be addressed in turn.

1.  ESL's Rule 56(f) Motion

On June 14, 2005, CAC filed a Motion for Summary Judgment as to Count IV of ESL's Second Amended Counterclaim. Instead of filing a substantive response to CAC's Motion, ESL filed a Rule 56(f) Motion on November 14, 2005, requesting that "this Court either refuse the application for summary judgment or grant a continuance to permit necessary discovery." Brief

in Support of Rule 56(f) Motion at 7. The Court set the Motion for Summary Judgment and Rule 56(f) Motion for oral arguments to be held on December 22, 2005 in Lafayette, Indiana. The parties then requested and were granted a continuance of that hearing. ESL filed no notices, motions, or other documents in this case until June 14, 2006, when it filed a substantive response to CAC's Motion for Summary Judgment. ESL's response indicated that it was still requesting Rule 56(f) relief in conjunction with its response to CAC's Motion for Partial Summary Judgment.

In light of the facts outlined above, the Court finds no reason to grant ESL relief under Rule 56(f). Nearly a year has passed since ESL filed its Motion, and the Court has not yet ruled on summary judgment issues. In other words, ESL has been given more than enough time to conduct appropriate discovery. If it has not obtained discovery by now, there is no reason to believe that discovery will be obtained if ESL is given more time. The Court notes that ESL did not file a single motion to compel discovery between the filing of its Rule 56(f) motion and the present date.

Additionally, CAC is quite correct in its contention that if ESL wants discovery information relating to ESL's customers, it is in at least as good a position as CAC to obtain that information. ESL complains that "[w]ithout deposing CAC representatives, ESL cannot determine which customers or former customers have been contacted and the substance of those communications." *Id*. That is surely not the case. ESL could, as CAC points out, go straight to ESL's customers or former customers. Therefore, ESL's reliance on *Resolution Trust Corp. v. Northbridge Associates*, 22 F.3d 1198 (1st Cir. 1994) is misplaced, because in that case the party opposing summary judgment needed information which was *in the exclusive control of the*

*moving party*.  That is simply not the case here.  At any rate, ESL is not seeking to compel discovery through its Rule 56(f) motion.  Rather, it is seeking a continuance.  Because it has been given more than enough time to conduct whatever discovery it may be entitled to, ESL's motion is **DENIED**.

      2.      Motion to Withdraw Exhibit

On June 16, 2006, ESL filed a Motion to Withdraw Exhibit F-1 attached to Document 102.  ESL contemporaneously filed a notice of filing the correct exhibit to replace the withdrawn exhibit.  ESL's Motion is **GRANTED**.

      3.      Motions to Strike

CAC filed a Motion to Strike ESL's Response in Opposition to Partial Summary Judgment.  That motion was dealt with at the June 19, 2006 hearing and was **DENIED** in light of the pending Rule 56(f) Motion.

CAC also filed a Motion to Strike ESL's Surreply to CAC's Motion for Partial Summary Judgment.  On July 7, 2006, ESL filed a Motion for Leave to File Surreply to CAC's Motion for Partial Summary Judgment.  In its Motion for Leave, ESL specifically asked for leave to respond to: (1) CAC's assertion that ESL's Response in Opposition raised contradictory legal theories, and (2) CAC's claim that ESL had not provided evidence of a valid business relationship between ESL and Aquatrols.  ESL was granted leave on July 10, 2006 to file its Surreply, and ESL filed its Surreply on July 21, 2006.  CAC filed its Motion to Strike on July 25, 2006.

Most of ESL's Surreply properly comports with its request for leave and the Court's Order granting leave.  But not all of it.  ESL went beyond responding to the two assertions made by CAC as outlined above.  It included additional arguments relating to the substantive elements

of its tortious interference with business relationships counterclaim.  These arguments amount to little more than an extra brief on matters already fully briefed by the parties.  ESL did not seek, and was not granted, leave to address those issues again.  Furthermore, ESL's Surreply contains never-before-mentioned parties and facts that should have been included as part of ESL's "Statement of Genuine Issues" under Local Rule 56.1.  Additionally, ESL attached to its Surreply affidavits by Lynn Kelley and Dwight St. Romain.  Those affidavits are not based on the personal knowledge of the declarants and are based on hearsay.  Therefore, those affidavits are inadmissable.  In light of the above, the Court will not order ESL's Surreply stricken in its entirety, but orders that Sections III and IV of ESL's Surreply and the attached affidavits be stricken from the record.

Finally, Docket No. 112 is docketed as a Motion and is still listed as a pending Motion.  Docket No. 112 is a Memorandum in Support of CAC's Motion to Strike and should be terminated because it is not a motion.

V.    Conclusion

For the foregoing reasons, ESL's Rule 56(f) Motion (Docket No. 93) is **DENIED**.  ESL's Motion to Withdraw Exhibit F-1 (Docket No. 103) is **GRANTED**.  CAC's Rule 56 Motion to Strike (Docket No. 111) is **GRANTED** in part and **DENIED** in part.  Additionally, the Clerk is ordered to terminate Docket Nos. 105 and 112.

**SO ORDERED**.

**DATE: September 13, 2006**

          S/ ALLEN SHARP
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**